# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. SA CR 06-224-AG |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A BILL OF PARTICULARS** |
| v. | |
| **MICHAEL S. CARONA, et al.,** | |
| Defendants. | |

Before the Court is the Motion for a Bill of Particulars ("Motion") brought by Defendant Michael Carona and joined by Defendant Debra Hoffman ("Defendants"). In this Motion, Defendants request that the Government be ordered under Rule 7(f) of the Federal Rules of Criminal Procedure to file a written bill of particulars that more fully describes certain of the charges in the Second Superseding Indictment ("SSI"). After considering the moving, opposing, and reply papers, and oral argument by the parties, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

**LEGAL STANDARD**

Under Rule 7(f) of the Federal Rules of Criminal Procedure a court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). A bill of particulars serves three functions: "[T]o inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)), *cert. denied* 444 U.S. 979 (1979); *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).

To determine the need for a bill of particulars in a specific case, a court should consider "whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citing *Giese*, 597 F.2d at 1180). "Full discovery will obviate the need for a bill of particulars." *Id*. (citing *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973)).

**ANALYSIS**

Claiming that the SSI "is deliberately vague on several key allegations against defendant Michael S. Carona," Defendants request particulars regarding allegations in Counts One, Five, and Six. (Motion 1:1-7.) The Government contends that the SSI more than adequately informs Defendants "of the precise theory and charges the Government is pursuing," (Opposition 12:26-13:2), and that the need for a bill or particulars is further obviated by the Government's discovery disclosures. (*Id*. 15:5-14.)

### 1. DEFENDANTS' REQUEST FOR PARTICULARS ON COUNT ONE

Paragraph 14(e) of Count One of the SSI describes one of the alleged "means by which the objects of the conspiracy were to be accomplished." (SSI ¶ 14.) It alleges that in exchange for money and gifts from Don Haidl, Michael Carona "provided co-conspirator Haidl with full access to the resources of the Orange County Sheriff's Department and a 'Get Out of Jail Free' card, and defendant CARONA otherwise abused his position as Orange County Sheriff to enrich co-conspirator Haidl and co-conspirator Haidl's friends and family." (SSI ¶ 14(e).) Defendants request two particulars related to this paragraph. First, Defendants request identification of the "resources" Haidl was provided access to. (Motion 3:25-4:2.) Second, Defendants request description of the "enrichment" enjoyed by Haidl and his friends and family. (*Id.*)

The First through Fourth Counts of the SSI allege a conspiracy by Defendants to use Michael Carona's position as Orange County Sheriff to enrich themselves. As the Court noted in its December 17, 2007 Order denying the bill of particulars requested by Deborah Carona, Count One of the indictment "presents the charges against Defendants in varying levels of abstraction, first describing the general charge of conspiracy against Defendants, then alleging the purposes and objects of that conspiracy, and finally specifying the overt acts by which the conspiracy was carried out." (December 17, 2007 Order Denying Defendants' Motion for a Bill of Particulars 3:21-24.) Defendants' request for additional information related to the allegation of a single "means" by which the conspiracy was carried out does not justify a bill of particulars in this case. Given the specificity of the allegations in Count One, there is no reason to believe that without this additional information Defendants will be unable either to effectively prepare for trial or to avoid the danger of surprise at trial. *Giese*, 597 F.2d at 1180. And without showing that they would be prejudiced in such a manner, Defendants are not entitled to pick and choose elements of the SSI where they expect to benefit from further clarification.

Because Count One of the indictment fairly informs Defendants of the charges against them and of the theory of the Government's case, the request for a bill of particulars on Count One is DENIED. *See Long*, 706 F.2d at 1054; *see also United States v. Ryland*, 806 F.2d 941,

1  942 (9th Cir. 1986) ("A defendant is not entitled to know all the evidence the government
2  intends to produce but only the theory of the government's case").

### 2.     DEFENDANTS' REQUEST FOR PARTICULARS ON COUNT FIVE

Count Five of the SSI charges Michael Carona with violating 18 U.S.C. § 1512(b)(1), which provides criminal liability for witness tampering when one "knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding." The SSI alleges that "[f]rom on or about March 17, 2004, through on or about August 16, 2007," Michael Carona corruptly persuaded, and attempted to persuade, Haidl to give false testimony to "members of a Federal Grand Jury investigating bribery, honest services fraud, and related offenses." (SSI ¶¶ 20-21.)

According to Defendants, the Government should be required to identify the nature and approximate dates of specific actions Carona took "during this more than three-year period to further the alleged obstruction." (Motion 4:6-10.)  The Court agrees with Defendants, and finds the level of factual detail in Count Five of the SSI inadequate. Alleging the very specific time frame of March 17, 2004 to August 16, 2007, but providing no allegations of specific acts occurring in that time frame, Count Five of the SSI does not enable Defendants to effectively prepare for trial, or to avoid surprise at trial. The Government contends that a bill of particulars would be improper in this case because it is an attempt by Defendants to limit the government's proof at trial by "compelling further discovery" of the details of the Government's evidence regarding the manner in which the crimes were committed**.** (Opposition 13:5-9; 16:12-17.) Yet in Count Six of the SSI the Government provided details about a specific encounter where Michael Carona "did corruptly persuade and attempt to corruptly persuade Haidl to withhold testimony." (SSI ¶ 23.) Because similar factual details are necessary to allow Defendants to effectively oppose the allegations in Count Five, the request for a bill of particulars on Count Five is GRANTED.

### 3. DEFENDANTS' REQUEST FOR PARTICULARS ON COUNT SIX

Count Six of the SSI charges Michael Carona with violating 18 U.S.C. § 1512(b)(2), which provides criminal liability for witness tampering when one "knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . withhold testimony, or withhold a record, document, or other object, from an official proceeding." The SSI alleges that during a meeting "on or about August 13, 2007, in Orange County," Michael Carona corruptly persuaded and attempted to persuade Haidl "to withhold testimony through, among other ways, the use of false and misleading statements . . . ." (SSI ¶ 23.) Defendants contend that because the August 13, 2007 meeting "lasted some three and a half hours, during which Carona made dozens of statements," the Government should "be required to identify the 'false and misleading statements' that Carona allegedly made and to identify the respect in which they are false." (Motion 4:20-23.) According to the Government, Defendants' request for a bill of particulars is based on a faulty interpretation of Count Six, and under the correct reading the "false and misleading" statements were not made by Carona to Haidl, but by Haidl to the Grand Jury.

The Court has held that it will examine the Grand Jury transcript to determine how the Grand Jury understood the language in Paragraph 23 of the SSI. If the Grand Jury understood Count Six as alleging that Michael Carona made false and misleading statements in his efforts to persuade Haidl to withhold testimony from the Grand Jury, then the Court will reconsider Defendants' arguments for a bill of particulars. But if the Grand Jury understood Count Six as attributing the "false and misleading statements" to Haidl, then Count Six effectively states the precise timing (August 13, 2007), the target (Haidl), and the objective (to influence testimony before a Federal Grand Jury) of the acts forming the basis for criminal charges against Michael Carona. These allegations are more than sufficient to allow Michael Carona to identify the events which the Government claims violated § 1512(b) and to allow him to prepare for a trial on this charge. Accordingly, Defendants' request for a bill of particulars on Count Six is DENIED without prejudice at this time.

**DISPOSITION**

Defendants' Motion for a Bill of Particulars is GRANTED regarding Count Five, and DENIED regarding Counts One and Six, but without prejudice as to Count Six.

IT IS SO ORDERED.

DATED: May 2, 2008

_____
Andrew J. Guilford
United States District Judge
