UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. SA CR 06-224-AG |
| Plaintiff, | ) ) | ORDER DENYING DEFENDANTS' MOTION TO SEVER COUNTS |
| v. | ) | SEVEN THROUGH NINE |
| MICHAEL S. CARONA, et al., | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Before the Court is the Motion to Sever Counts Seven Through Nine ("Motion"), brought by Defendant Michael Carona and joined by Defendant Deborah Carona (referred to collectively as "Defendants"). After considering the moving, opposing, and reply papers, and oral argument by the parties, the Court DENIES Defendants' Motion.

**BACKGROUND**

Count One of the nine-count Second Superseding Indictment ("SSI") against Michael Carona, Deborah Carona, and Debra Hoffman alleges that Defendants conspired to use Michael Carona's office as Orange County Sheriff to enrich themselves and other co-conspirators,

thereby depriving the citizens of Orange County of the honest services of an elected official. (SSI ¶¶ 12-14.) Counts Two through Four of the SSI describe a scheme of honest services mail fraud, alleging that Defendants "defraud[ed] the citizens of Orange County and the State of California of their right to the honest services of defendants" through false representations and "the non-disclosure and concealment of material facts." (SSI ¶ 17.) Counts Five and Six allege that Defendant Michael Carona sought to corruptly influence Don Haidl's testimony before the grand jury. (SSI ¶¶ 20-23.)

The Counts at issue in this Motion, Seven through Nine, allege that Defendant Debra Hoffman committed fraud and concealment when filing for Chapter 11 bankruptcy. (SSI ¶¶ 24-30.) Defendants ask the Court to sever Counts Seven through Nine from the SSI, arguing that "[t]he honest services and tampering counts and the bankruptcy fraud counts are unrelated and could only have been joined to improperly prejudice the jury." (Motion 2:10-11.) After reviewing the substance of the allegations in Counts Seven through Nine and comparing them with the facts alleged in the SSI's remaining counts, the Court finds that joinder was proper and Defendants' Motion to Sever is DENIED.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 8(b) governs joinder in cases involving multiple defendants. Rule 8(b) provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "[W]hen multiple defendants are involved, joinder is improper unless all offenses arise out of the same series of acts or transactions." *United States v. Martin*, 567 F.2d 849, 853 (9th Cir. 1977). In determining whether two or more offenses are part of the same series of acts or transactions, the Ninth Circuit "looks for a 'logical relationship' between the offenses." *United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999). A logical relationship is established by the existence of a "common plan, scheme, or conspiracy," or where "the common activity

constitutes a substantial portion of the proof of the joined charges." *Id*. at 975-76 (*citing United States v. Ford*, 632 F.2d 1354, 1371-72 (9th Cir. 1980), and *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994)). Mere factual similarity of events is not sufficient to establish a logical relationship. *See Sarkisian*, 197 F.3d at 976 (citing *Ford*, 632 F.2d at 1371-72).

The goal of joinder under Rule 8(b) is to "maximize trial convenience and efficiency with a minimum of prejudice," *United States v. Sanchez-Lopez*, 879 F.2d 541, 550 (9th Cir. 1989), and thus Rule 8(b) is construed liberally in favor of joinder. *See, e.g., id*. at 551.

**ANALYSIS**

Defendants contend that severance is required in this case because "there are no allegations to materially link the bankruptcy filing to the alleged scheme to deprive the citizens of Orange County of the benefit of Carona's honest services," and thus Counts Seven through Nine lack a logical relationship to the other counts in the SSI. (Reply 2:10-12.) The Court disagrees.

Counts Two through Four of the SSI detail the overt acts allegedly committed by Defendants in furtherance of their conspiracy to defraud the citizens of Orange County and California of their right to the honest services of their elected officials. Listed among these alleged overt acts is Hoffman's filing of a "false bankruptcy petition . . . in which she concealed and failed to disclose financial interests and assets she acquired and held in connection with the conspiracy, including, but not limited to, financial accounts, interest in Bersagliere, the J-H Loan, and payments of money she received from co-conspirator Haidl from October 1999 through August 2000." (SSI ¶ 15(51).) Counts Seven through Nine are based on the same November 13, 2001 bankruptcy filing identified in Paragraph 15, and allege that in filing her petition for bankruptcy Hoffman fraudulently concealed assets acquired through the conspiracy. (SSI ¶¶ 26-30.) Specific assets identified in Counts Seven through Nine, and which relate to the honest services fraud conspiracy alleged in Counts One through Four, are the brokerage account at Salomon Smith Barney held in the name of the Bersagliere corporation, (SSI ¶ 28), the

1  $110,000 so-called "J-H Loan" from Haidl to Hoffman's law firm, (SSI ¶ 26(c)), and "at least
2  $65,000 in payments [Debra Hoffman] had received from Haidl." (SSI ¶ 30.)  Given the
3  symmetry between the overt acts alleged in Paragraph 15 and the bankruptcy fraud alleged in
4  Paragraphs 26 through 30, the Court finds that the SSI sufficiently establishes the bankruptcy
5  fraud charges in Counts Seven through Nine as part of a common scheme or plan to conceal the
6  honest services fraud conspiracy alleged in Counts One through Four.  Counts Seven through
7  Nine are thus logically related to the other counts in the SSI.  *Sarkisian*, 197 F.3d at 975-76
8  ("[A] logical relationship may be shown by the existence of a common plan, scheme, or
9  conspiracy.").

10  Defendants correctly point out that "[t]he SSI does not allege that Carona or codefendant
11  Deborah Carona had any knowledge of or involvement in the bankruptcy filing . . . or benefitted
12  in any way from the claimed fraud." (Reply 2:12-22.)  But this does not preclude the existence
13  of a logical relationship between the bankruptcy fraud and the honest services fraud conspiracy.
14  As argued by the Government, the bankruptcy fraud alleged in Counts Seven through Nine is
15  logically related to the conspiracy allegations in Counts One through Four because "the
16  bankruptcy fraud was perpetrated, in part, to hide assets and entities for the benefit of both
17  defendants Carona and Hoffman." (Consolidated Opposition 28:4-7.)  Nor is joinder precluded
18  by the fact that the bankruptcy fraud was carried out by Hoffman alone, as it is not necessary
19  that all defendants "participate in every act constituting each joined offense." *Sanchez-Lopez*,
20  879 F.2d at 551; *see also* Fed. R. Crim. P. 8(b) ("All defendants need not be charged in each
21  count.")

22  Defendants rely heavily on *United States v. Sarkisian* to support their request for
23  severance. (Motion 3:10-4:7.)  But the facts of this case are easily distinguishable from those of
24  *Sarkisian*.  In *Sarkisian*, the Court found that the district court erred in joining counts of
25  extortion and of trafficking in stolen vehicles because "[t]he only meaningful connections
26  between the extortion count and the car count are that some of the same defendants were charged
27  in both counts, and the extortion incident occurred while the car scheme was ongoing."
28  *Sarkisian*, 197 F.3d at 976.  In this case, the counts alleging conspiracy and bankruptcy fraud are

connected by more than a common cast of characters and a temporal proximity. The theory presented in the SSI is that Hoffman's fraudulent representations in the bankruptcy petition were motivated in part by a desire to conceal the honest services fraud conspiracy, causing her to omit from the bankruptcy filing those assets gained through the conspiracy.

Construing Rule 8(b) liberally in favor of joinder, the Court finds that the Government has sufficiently alleged that the honest services fraud conspiracy and the bankruptcy fraud were part of a "common plan, scheme, or conspiracy" carried out by Defendants. *Ford*, 632 F.2d at 1371-72. There is a logical relationship between the offenses, and Rule 8(b)'s requirement that the offenses arise from "the same series of acts or transactions" is satisfied. *Sarkisian*, 197 F.3d at 975.

**DISPOSITION**

Defendants' Motion is DENIED, and Counts Seven through Nine will not be severed from the SSI.

IT IS SO ORDERED.

DATED: May 2, 2008

                                                        _____
                                                          Andrew J. Guilford
                                            United States District Judge