UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 06-224-AG | Date | May 6, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. MICHAEL S. CARONA, ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**   [IN CHAMBERS] ORDER DENYING DEFENDANTS' MOTION TO FILE JOINT MOTION TO TRANSFER VENUE UNDER SEAL

Before the Court is the Motion of Defendants Michael S. Carona, Debra Victoria Hoffman, and Deborah Carona ("Defendants") to File Joint Motion to Transfer Venue, Memorandum in Support, Declaration of John D. Cline, and Appendices and Exhibits Under Seal ("Motion to Seal").  Defendants argue that the motion to transfer contains pretrial publicity that could negatively affect the jury pool and thus infringe on the Defendants' right, under the Fifth and Sixth Amendments, to a fair and impartial jury.  The Government has opposed this Motion.  Freedom Communications, Inc., and Los Angeles Times Communications LLC have filed a Request to Intervene for Limited Purpose and an Opposition to this Motion to Seal.  The Request to Intervene for Limited Purpose has been GRANTED.  After considering the moving, opposing, and reply papers, and oral argument by the parties, the Court DENIES the Motion to Seal.

## LEGAL STANDARD

The public and the press have a presumed right of access "to criminal proceedings and documents filed therein."  *CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985).  This right of access is "grounded in the First Amendment and in common law."  *Id. (citing Associated Press v. U.S. District Court for Cent. Dist. of California*, 705 F.2d 1143, 1145 (9th Cir. 1983).  Still, a district court may choose to seal documents related to a criminal proceedings in limited circumstances.  *United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987).
In making a sealing determination, a district court must weigh "the interests advanced by the parties in light of the public interest and the duty of the courts."  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978).  Sealing is proper if: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 06-224-AG | | Date | May 6, 2008 |
|---|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. MICHAEL S. CARONA, ET AL. | | | |

compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon*, 920 F.2d 1462, 1466 (9th Cir. 1990). "Where there is a clash between the common law right of access and a defendant's constitutional right to a fair trial, a court may deny access, but only on the basis of articulated facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986).

## ANALYSIS

Defendants argue that the Motion to Transfer Venue summarizes the pretrial media coverage of this case, which "presents a substantial likelihood that [their rights] to a fair trial will be irreparably damaged by disclosure of defendants' motion to transfer venue." (Reply 2:11-13.) The Court disagrees. The pretrial media coverage in the Motion to Transfer Venue is all already in the public domain, and much of it has been discussed in hearings before this Court. The Court finds that its repetition in the Motion to Transfer Venue will not impinge on the Defendants' right to a fair trial to an extent sufficient to outweigh the public's strong interest in access to these proceedings.

The question presented is similar to that presented in *In re Charlotte Observer (Div. of Knight Pub. Co.)*, 882 F.2d 850 (4th Cir. 1989). In that case, the defendants moved for a change of venue based on adverse pretrial publicity. *Id.* at 851. The magistrate court closed to the press and public the hearing on that motion and sealed certain documents filed with that motion. The magistrate judge reasoned that "permitting the public and press to attend this hearing would pose the risk that the alleged prejudicial publicity of which Defendants complain would be republished and re-aired in the print and electronic media." *Id.* The magistrate judge feared that re-airing the negative publicity would impinge on the defendants' sixth amendment right to a fair trial. *Id.* at 852-53.

The Fourth Circuit vacated the closure and seal orders, finding that they "violated the public's right of access to criminal proceedings as protected by the first amendment." *Id.* at 852. The Fourth Circuit stated that it doubted whether the defendants' right to a fair trial would be prejudiced by the pretrial publicity. The court reasoned as follows.

> All of the publicity whose exposure in this hearing is the subject of concern is already in the public domain. The question . . . is not whether at this point the publicity already out there suffices to require preventative action, but much more narrowly whether its 'republication' at this particular time may tip the balance so that preventing this should be attempted. Assessing whether any finite amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 06-224-AG | Date | May 6, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. MICHAEL S. CARONA, ET AL. | | |

> pretrial publicity is damaging enough to warrant concern for fair trial rights is hard enough, assessing whether a discrete bit more would tip the scale probably defies rational prediction.  Under the circumstances . . . we think that the magistrate's assessment that there is a substantial probability that [the defendants' fair trial rights would be violated] is highly dubious.

*Id.* at 854.  The court further reasoned that closure and sealing would not protect the defendants' rights to a fair trial.  The court pointed out that "any press barrage and frenzy occasioned by an open hearing would be as nothing to the firestorms of purely speculative 'republication' that would occur if press access to the hearing is denied." *Id.* at 855.

The Court finds the *Charlotte Observer* reasoning applicable to this case.  Accordingly, the Motion to Seal is DENIED.

**CONCLUSION**

The Motion to Seal is DENIED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |